UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE COMMISSIONER OF THE GEORGIA DEPARTMENT OF NATURAL RESOURCES, IN HIS OFFICIAL CAPACITY AS TRUSTEE, STATE OF GEORGIA,<br><br>    Plaintiff,<br>v.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>    Defendant. | Civil Action No. |

## COMPLAINT

The Commissioner of the Georgia Department of Natural Resources, in his official capacity as Trustee, files this complaint on behalf of the State of Georgia ("State"), and alleges as follows:

## NATURE OF CLAIM

1. This Complaint presents civil claims for natural resource damages arising from alleged releases of hazardous substances at the

former LCP Chemicals Superfund Site in Brunswick, Glynn County, Georgia ("Site").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b). The Court has subject matter jurisdiction over the state law claims under 28 U.S.C. § 1367.

3. Venue and Personal Jurisdiction are proper in the district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. §9613(b) because Defendant conducts business in this judicial district.

## PARTIES

4. The Commissioner of the Georgia Department of Natural Resources, ("GDNR"), Plaintiff in this action has been designated the Natural Resource Trustee for the State of Georgia under Section 311(f)(5) of the Federal Water Pollution Control Act (also known as the Clean Water Act" or "CWA"), 33 U.S.C. § 1321(f)(5), and Section 107(f) of the Comprehensive Environmental Response, Compensation and

Liability Act ("CERCLA"), 42 U.S.C. § 9607(f). As the designated Trustee, the Commissioner is authorized by these laws to act on behalf of the public through the State of Georgia to assess and recover damages for the injury, loss or destruction of natural resources, including resource uses or services, caused by releases of hazardous substances and, further, to use such damages to restore, rehabilitate, replace, or acquire the equivalent of the affected resources and services.

5. Honeywell International, Inc. ("Honeywell"), Defendant in this matter, is a corporation organized and incorporated under the laws of the State of Delaware and is doing business in the State of Georgia, including in Metropolitan Atlanta, Georgia.

## GENERAL ALLEGATIONS

6. The Site is the former LCP Chemical Site in Brunswick, Georgia, and extends into Purvis Creek, Turtle River, Brunswick River, and surrounding salt marsh, all part of the Turtle-Brunswick River Estuary ("TBRE"). The Site was listed on the National Priorities List promulgated by the United States Environmental Protection Agency in

1996 pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and is set forth at 40 C.F.R. Part 300, Appendix B.

7. Honeywell is the owner of the former LCP Chemical facility which, over time, comprised a number of industrial operations to include an oil refinery, a power plant, and a chlor-alkali facility.

8. The facility released multiple hazardous substances into the surrounding area. The Primary contaminants include polychlorinated biphenyls (PCBs), polycyclic aromatic hydrocarbons (PAHs), mercury, and lead.  These hazardous substances have contaminated over 700 acres of salt marsh habitat, nearby surface water, groundwater, soils, and sediments. As a result, bottom-dwelling creatures, birds, fish, shellfish, and mammals, including the federally protected bottlenose dolphin, have been adversely affected.  Elevated levels of mercury and PCBs in fish tissues have prompted the State of Georgia to issue fish and shellfish consumption guidelines throughout most of the TBRE.

## FIRST CAUSE OF ACTION
## (Natural Resources Damages - CERCLA)

9. The allegations set forth in Paragraphs 1 through 8, above, are incorporated herein by reference as if fully set forth below.

10. The Site includes a "facility" within the meaning of Section 101 (9) of CERCLA, 42 U.S.C. § 9601(9).

11. "Hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), including, but not limited to, PCBs were disposed of at the Site within the meaning of 42 U.S.C. § 9607(a), and were released into the environment from the Site within the meaning of Section 101(8) and 101(22) of CERCLA, 42 U.S.C. § 9601(8) and (22).

12. Honeywell is a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

13. In 1956, the Allied Chemical and Dye Corporation (predecessor to Honeywell) built and operated a chlor-alkali facility at the Site, principally for the production of chlorine gas, hydrogen gas, and caustic solution.

14. The release of hazardous substances at or from the Site

caused injury to, destruction of, or loss of natural resources which belong to, are managed by, are held in trust by, appertain to, or are otherwise controlled by the State of Georgia through the Commissioner of GDNR, as defined by and within the meaning of Section 101(16) of CERCLA 42 U.S.C. § 9601(16). Such natural resources include, but are not limited to, surface water, fish, shellfish and similar wildlife, freshwater habitat, birds and mammals.

15. Honeywell, as the owner of the former LCP Chemical Plant, is liable for disposal of PCBs, Aroclor 1268, and other hazardous substances among other things at the Site to the State of Georgia under Section 107(a)(1), (2) and (4)(C) of CERCLA, 42 U.S.C. § 9607(a)(1), (2) and (4)(C), as well as for damages due to injury to, destruction of, or loss of natural resources belonging to, managed by, controlled by, or pertaining to the State of Georgia including the cost of assessing such damage caused by the release of hazardous substances from the Site.

## SECOND CAUSE OF ACTION
(Natural Resource Damages - Clean Water Act)

16. The allegations set forth in Paragraphs 1 through 16, above, are incorporated herein by reference as if fully set forth below.

17. A part of the Site is an "onshore facility" within the meaning of Section 311(a)(10) of the CWA, 33 U.S.C. § 1321(a)(10).

18. "Hazardous substances" within the meaning of Section 311(a)(14) of the CWA, 33 U.S.C. § 1321(a)(14), including, but not limited to, PCBs were "discharged" within the meaning of Section 311(a)(2) of the CWA, 33 U.S.C. § 1321(a)(2) from the Site to the marsh and the TRBE and its tributaries.

19. The TRBE and its tributaries are "navigable waters" of the United States within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7).

20. Honeywell has assumed the liabilities of its predecessor, Allied, which was an "owner or operator" of an onshore facility at the Site within the meaning of Section 311(a)(6) of the CWA, 33 U.S.C. § 1321(a)(6) at the time of the discharge of hazardous substances to the

TRBE.

21. The discharge of hazardous substances into the TRBE violated Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

22. The discharge of hazardous substances into the TRBE has caused damage to and destruction of natural resources, and has caused the State of Georgia to incur and to continue to incur costs within the meaning of Section 311 (f)(2), (4) and (5) of the CWA, 33 U.S.C. § 1321(f)(2), (4) and (5), to restore, rehabilitate, replace or acquire the equivalent of the natural resources, including resource uses and services, injured, lost or destroyed as a result of releases of hazardous substances from the Site to the TRBE.

23. Pursuant to Section 311(f)(2), (4) and (5) of the CWA, 33 U.S.C. § 1321(f)(2), (4) and (5), Honeywell is liable to the State of Georgia for all costs incurred and to be incurred in restoring, rehabilitating, replacing, or acquiring the equivalent of the natural resources injured, lost or destroyed as a result of releases of hazardous substances from the Site, including the costs of assessing such damages.

## PRAYER FOR RELIEF

WHEREFORE, Commissioner prays that this Court:

1. Enter a judgment against Honeywell for liability to Plaintiff for all damages due to injury to, destruction of or loss of natural resources, including to resource uses or services, resulting from the release and discharge of hazardous substances from the Site to the TRBE, including the cost of restoring, rehabilitating, replacing, and/or acquiring the equivalent of those injured resources, in an amount to be proven at trial;

2. Enter a judgment against Honeywell for liability to Plaintiff for the costs of assessing the injury, destruction, and loss of natural resources, including resource uses or services, resulting from release and discharge of hazardous substances from the Site; and

3. Enter an order for such other relief as the Court deems just and proper.

Respectfully Submitted.

*CHRISTOPHER M. CARR     112505*
*Attorney General*

*ISAAC BYRD                          101150*
*Deputy Attorney General*

*MARGARET K. ECKROTE    238709*
*Senior Assistant Attorney General*

 s/ Timothy J. Ritzka
*TIMOTHY J. RITZKA          607025*
*Senior Assistant Attorney General*
*Attorney for Plaintiff*

*Office of the Attorney General*
*40 Capitol Square SW*
*Atlanta, Georgia 30334-1300*
*Telephone: (404) 657-3976*
tritzka@law.ga.gov

# APPENDIX A



## APPENDIX B

Georgia Power Company, including its successors and assigns.